UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  15-21932-Civ-GAYLES
MAGISTRATE JUDGE P.A. WHITE

LARVICTOR FLOURNOY,

       Plaintiff,

v.                                    REPORT RE DISMISSAL OF
                                      COMPLAINT-28 U.S.C. §1915(g)
B. PONCE, et al.,                     AND DENIAL OF IFP MOTION

       Defendants.

_____/


I.  Introduction


      The plaintiff, Larvictor Flournoy, while confined at the Polk
Correctional Institution ("Polk CI"), has filed a *pro-se* civil
rights complaint, pursuant to 42 U.S.C. §1983, against the
Defendants arising from a claim regarding compensation for work
performed while assigned to an inmate labor program between
November 2013 and March 21, 2014. (DE#1). Plaintiff sues the
Defendants, B. Ponce, S. Jackson, and Javario Williams, as
employees of Dade Correctional Institution, claiming they are
refusing to pay him for labor or services performed by Plaintiff
for the Department of Transportation, under an inmate labor
program. He claims they have breached the contract, are in
violation of Florida law, and owe him back due compensation.


      The case has been referred to the undersigned for the issuance
of all preliminary orders and any recommendations to the district
court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B),
(C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing
Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

He has filed an application to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. §1915. (DE#4). Because plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

Moreover, pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

The instant complaint is subject to dismissal for various reasons, the simplest of which is Plaintiff's status as a "three-striker" under the provision of the Prison Litigation Reform Act ("PLRA").

## II. §1915(g)

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. §1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

facility, brought an action or appeal in a
court of the United States that was dismissed
on the grounds that it is frivolous,
malicious, or fails to state a claim upon
which relief maybe granted, unless the
prisoner is under imminent danger of serious
physical injury.

The constitutionality of the foregoing provision of the PLRA,
referred to as "three strikes provision," has been comprehensively
explored and upheld by the Eleventh Circuit Court of Appeals. See
Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998) (internal citations
omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S.
199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Specifically, the
Eleventh Circuit has determined that the new "three strikes" IFP
provision does not violate an inmate's the First Amendment right of
access to the courts; the doctrine of separation of judicial and
legislative powers; the Fifth Amendment's right to due process of
law; or, an inmate's right to equal protection. Id. at 721-27.

However, to invoke the exception to §1915(g), a plaintiff must
allege and provide specific factual allegations of ongoing serious
physical injury, or a pattern of misconduct evidencing the
likelihood of imminent serious physical injury, and vague
allegations of harm and unspecific references to injury are
insufficient. Niebla v. Walton Correctional Inst., 2006 WL 2051307,
*2 (N.D.Fla. July 20, 2006)(*citing* Martin v. Shelton, 319 F.3d
1048, 1050 (8th Cir. 2003)(conclusory assertions insufficient to
show imminent serious physical injury) and White v. State of
Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998)). The "imminent
danger" exception is available "for genuine emergencies," where
"time is pressing" and "a threat ... is real and proximate." Lewis
v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

3

Thus, in order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger).

## A. Prior Filing History

While not all unsuccessful cases filed by prisoners qualify as strikes under 28 U.S.C. §1915(g), plaintiff, a prolific multiple filer, has filed well in excess of three cases that qualify as strikes for purposes of §1915(g). In fact, the plaintiff's prior filings span three districts, to-wit, the United States District Courts for the Northern, Middle, and Southern Districts of Florida, as well as, the Eleventh Circuit Court of Appeals. See e.g., Flournoy v. Shockley, et al., case no. 99-00017-Civ-RH (N.D. Fla. 1999)(§1983-Dismissal for failure to state a claim upon which relief can be granted); Flourn0y v. Shockley, Eleventh Circuit, case no. 99-11437-A (11th Cir. 2000)(Appeal of 99cv17 dismissal as frivolous);[1] Flournoy v. D. Ellis, Eleventh Circuit Court of Appeals, case no. 08-10233-J, denying motion for leave to proceed

---

[1]Dismissal as frivolous qualifies as a strike. See Wardell v. Dep't of Corr's, 72 Fed.Appx. 739, 740 (10th Cir.2003) (finding district court dismissal and appeal dismissal in same case to each count as a "strike" under 28 U.S.C. §1915(g)).

4

*in forma pauperis* on appeal, because appellant has had three prior civil actions or appeals that have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted; <u>Flournoy v. D Ellis</u>, case no. 05-302-Civ-RH, (N.D. Fla. June 2, 2006)(§1983-Order dismissing case for failure to state a claim upon which relief can be granted); <u>Flournoy v. Singletary, et al</u>., case no. 98-372-LC (N.D. Fla. 1998)(§1983-Order Dismissing complaint for abuse of judicial process pursuant to §1915(e)(2)(B)(i)); <u>Flournoy v. Singletary</u>, Eleventh Circuit Case no. 03-11897-F (11th Cir. May 23, 2003)(§9183-Appeal of Judgment in <u>Flournoy v. Singletary</u>, case no. 96-7-GRJ (M.D. Fla. 1996) dismissed for failure to prosecute); <u>Flournoy v. Mathis, et al.</u>, case no. 02-38-Civ-SPM (N.D. Fla. 2002)(§1983-Order dismissing case pursuant to §1915(g)).

Based upon the review of Plaintiff's litigation history, as narrated above, it is clear that Plaintiff has had at least three civil actions that qualify as strikes pursuant to §1915(g). <u>See Allen v. Clark</u>, 266 Fed.Appx. 815, 817 (11th Cir. 2008)(dismissal of actions which constitute abuses of the judicial process may count as strikes under 1915(g))(*citing* <u>Rivera v. Allin</u>, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)).

### B. <u>"Imminent Danger" Exception</u>

Regarding the "imminent danger exception," Plaintiff has not paid the Court's filing fee, but has filed leave to proceed *in forma pauperis.* However, Plaintiff is barred from proceeding *in forma pauperis* in this or any other federal court pursuant to 28 U.S.C. §1915(g) unless he can show that he was under imminent danger of serious physical injury at the time he filed his

complaint.

The Eleventh Circuit has held that in order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, to-wit, imminent danger of serious physical injury at the time of filing the lawsuit. <u>See</u> <u>Medberry v. Butler</u>, 185 F.3d 1189 (11th Cir. 1999)(prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger).

To invoke the exception to §1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. <u>Niebla v. Walton Correctional Inst.</u>, 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006)(*citing* <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003)(conclusory assertions insufficient to show imminent serious physical injury) and <u>White v. State of Colorado</u>, 157 F.3d 1226, 1231 (10th Cir. 1998)). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

Full and careful review of the Complaint indicates that the plaintiff is not entitled to proceed *in forma pauperis* under the "imminent danger" exception. <u>See</u> DE#1. Since Plaintiff has not paid the filing fee and has made no factual allegations to support a

finding that he was in imminent danger of serious injury at the time of filing, thus dismissal of the instant civil rights action is appropriate. This is further supported by the fact that the events giving rise to this complaint arose while plaintiff was confined at Dade Correctional Institution, but plaintiff has since been transferred, having filed this lawsuit while confined at Polk CI.

As the statute provides that the filing fee must be paid at the time the suit is initiated, and only precludes the plaintiff from proceeding *in forma pauperis*, it would generally be recommended that the complaint be dismissed without prejudice to the plaintiff to file a new complaint accompanied by payment of the full filing fee of $350.00. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). However, Plaintiff should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. §1915A, even those lawsuits in which the full filing fee is paid at the time of filing. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006). Initial review of the instant complaint by the undersigned appears to indicate that the case would most likely not survive such screening against many of the now-named defendants if it were to be refiled in the future with the full filing fee. See e.g., Evans v. Drew, 2009 WL 497552 (M.D.Ala. 2009).

This is so because petitioner seeks compensation for participation in a prison work program. However, prisoners are not a protected class and the issue of whether they must be compensated for their work has been litigated and fairly decided among federal courts, which have determined that there is no constitutional right to be compensated for labor in the prisons. See Siglar v. Lowrie, 404

7

F.2d 659, 661 (8th Cir. 1969), <u>cert. den'd</u>, 395 U.S. 940, 89 S.Ct. 2010, 23 L.Ed.2d 456 (1969); <u>Manning v. Lockhart</u>, 623 F.2d 536 (8th Cir. 1980); <u>Woodall v. Partilla</u>, 581 F.Supp. 1066 (D.C. Ill. 1984); <u>Borror v. White</u>, 377 F.Supp. 181 (D.C.Va. 1974). Forced prison labor is not considered employment and is thus not subject to the Fair Labor Standards Act. <u>Danneskjold v. Hausrath</u>, 82 F.3d 37 (2nd Cir. 1996). Neither is voluntary work done for the good of the prison. (<u>Id</u>.). This is true even when inmates work for a private non-profit corporation. <u>Gambetta v. Prison Rehabilitative Industries and Diversified Enterprises, Inc. (PRIDE)</u>, 112 F.3d 1119 (11th Cir. 1997).

Accordingly, even when liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, plaintiff's Complaint is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(ii).

## III.   <u>Recommendations</u>

Based upon the foregoing, it is recommended that: (1) the motion to proceed *in forma pauperis* (DE#4) be DENIED; (2) the complaint be DISMISSED, pursuant to 28 U.S.C. §1915(g); <u>see</u> <u>Dupree</u>, 284 F.3d at 1237 (reasoning that the filing fee is due upon filing a civil action when *in forma pauperis* provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed in forma pauperis); and, in the alternative, dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(ii); (3) that all pending motions not otherwise ruled upon be dismissed;

and, (4) that this civil action be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 3rd day of June, 2015.

UNITED STATES MAGISTRATE JUDGE


cc:  Larvictor Flournoy, Pro Se
     DC#352985
     Polk Correctional Institution
     10800 Evans Road
     Polk City, FL 33868-9213