UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 15-21932-CIV-GAYLES/WHITE

LARVICTOR FLOURNOY,

    Plaintiff,

vs.

B. PONCE, *et al.*,

    Defendants.
_____/

**ORDER**

    **THIS MATTER** was referred to the Honorable Patrick A. White, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters [ECF No. 3]. On June 3, 2015, Judge White issued a Report [ECF No. 5] recommending that the Court deny Plaintiff's Application to Proceed *In Forma Pauperis* and dismiss Plaintiff's Complaint pursuant to 28 U.S.C. §1915(g).  Plaintiff has objected to the Report [ECF No. 6].

    Plaintiff is a repeat filer and has filed multiple cases in the United States District Courts for the Northern, Middle, and Southern Districts of Florida, as well as, the Eleventh Circuit Court of Appeals.  *See e.g. Flournoy v. Shockley, et al.,* case no. 99-00017-CIV-RH (N.D. Fla. 1999); *Flournoy v. Shockley,* case no. 99-11437-A (11th Cir. 2000); *Flournoy v. D. Ellis*, case no. 05-302-CIV-RH (N.D. Fla. 2006); *Flournoy v. Singletary,* case no. 03-11897-F (11th Cir. 2003); *Flournoy v. Mathis, et al.,* case no. 02-38-CIV-SPM (N.D. Fla. 2002).  Pursuant to the "three strikes" rule of 28 U.S.C. § 1915(g), a prisoner may not file a civil action without the payment of a filing fee if, on three or more prior occasions, the prisoner brought an action or appeal in a United States court

which was later dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. §1915(g). The only exception to the "three strike" rule is if the plaintiff can show that he is "under imminent danger of serious physical injury." *Id.* In this action, Plaintiff alleges that Defendants failed to compensate him for work performed as an inmate. Plaintiff makes no allegation that he is in any danger of physical injury. Accordingly, Plaintiff's request to proceed *in forma pauperis* must be denied and the Complaint must be dismissed.[1] Based thereon, it is

**ORDERED and ADJUDGED** that Judge White's Report and Recommendation [ECF No. 5] is **AFFIRMED and ADOPTED** as the Order of the Court. Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* [ECF No. 4] is **DENIED** and Plaintiff's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 [ECF No. 1] is **DISMISSED** *without prejudice*. It is further

**ORDERED AND ADJUDGED** that the Clerk of Court is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30th day of June, 2015.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] The Court also concurs with Magistrate Judge White's finding that should Plaintiff pay the filing fee and refile his action, it would likely be dismissed for failure to state a claim as many courts have held that there is no constitutional right to be compensated for labor while a prisoner. *See Siglar v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1969); *Danneskjold v. Hausrath*, 82 F.3d 37 (2d Cir. 1996).